**Kevin RAZOR, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

No. 94–CA–1298–MR.

Court of Appeals of Kentucky.

May 30, 1997.

Case Ordered Published by Supreme Court Jan. 14, 1998.

Discretionary Review Denied by Supreme Court Jan. 14, 1998.

Kevin D. Jaggers, Thomas E. Clay, Louisville, for Appellant.

A.B. Chandler, III, Attorney General, Carol C. Ullerich, Assistant Attorney General, Frankfort, for Appellee.

Before COMBS, GUDGEL and MILLER, JJ.

*OPINION*

GUDGEL, Judge.

This is an appeal from an order entered by the Jefferson Circuit Court revoking appellant's probation. On appeal, appellant contends that the court violated both his right against self-incrimination and his right to due process. We disagree with both contentions. Hence, we affirm.

Appellant was charged with having perpetrated numerous sexual offenses against three children over a period of years. He eventually pled guilty to amended felony and misdemeanor charges pursuant to *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). The Commonwealth noted that appellant had not admitted the crimes and recommended that he serve a ten-year sentence, while appellant requested that he be placed on probation, stating his willingness "to enroll in any type of therapy program." After conducting a hearing, the trial court noted that it was unwilling to grant appellant probation on a ten-year sentence, but offered him a choice between either serving ten years, or receiving a sentence of twenty-five years which would be probated for a period of five years. After discussing the offer with counsel, appellant chose the court's second proposal and was sentenced accordingly. In granting probation, the court imposed numerous conditions including the requirement that appellant "enroll in and successfully complete the Kentucky Corrections Cabinet Sexual Offender Treatment Program."

Five days after a final judgment was entered, appellant filed a motion noting that he had been informed that completion of the sexual offender treatment program would require him to admit his guilt in regard to all three of the victims. He requested that the conditions of his probation be modified to eliminate the requirement that he admit his guilt in regard to two of the victims. The court denied appellant's motion, and he took no appeal.

Some eighteen months later, the Commonwealth made a motion to revoke appellant's probation based upon a number of grounds including the fact that he had been terminated from the sexual offender treatment program. At a hearing, evidence was adduced to show that appellant failed to admit his guilt as to all three victims or to satisfactorily participate in group therapy sessions. The court ordered appellant's probation revoked, and he was sentenced to fifteen years' imprisonment. This appeal followed.

Appellant first contends that the trial court violated his right against self-incrimination

by revoking his probation due to his refusal to admit that he had committed all of the crimes with which he was charged. We disagree.

In *Minnesota v. Murphy*, 465 U.S. 420, 104 S.Ct. 1136, 79 L.Ed.2d 409 (1984), the United States Supreme Court examined the privilege against self-incrimination in the context of a requirement that a probationer be truthful with his probation officer. In considering this issue, the Court stated as follows:

> Our cases indicate, moreover, that a State may validly insist on answers to even incriminating questions and hence sensibly administer its probation system, as long as it recognizes that the required answers may not be used in a criminal proceeding and thus eliminates the threat of incrimination. Under such circumstances, a probationer's "right to immunity as a result of his compelled testimony would not be at stake," ... and nothing in the Federal Constitution would prevent a State from revoking probation for a refusal to answer that violated an express condition of probation or from using the probationer's silence as "one of a number of factors to be considered by the finder of fact" in deciding whether other conditions of probation have been violated.

*Id.*, 465 U.S. at 437, 104 S.Ct. at 1147, fn. 7. Thus, the Supreme Court clearly adopted the view that a sentence of probation may be revoked due to the probationer's violation of an express condition of probation by refusing to answer incriminating questions, so long as any incriminating responses which are made are not then used against the probationer in a criminal proceeding.

■ Although appellant argues that his admission of guilt to the charged offenses could be used to support perjury or other criminal charges against him, Kentucky statutes clearly would not support such an outcome. Indeed, KRS 439.510 states in pertinent part that "[a]ll information obtained in the discharge of official duty by any probation or parole officer shall be privileged and shall not be received as evidence in any court." Moreover, KRS 197.440 specifically states:

Communications made in the application for or in the course of a sexual offender's diagnosis and treatment in the program between a sexual offender or member of the offender's family and any employee of the department who is assigned to work in the program, shall be privileged from disclosure in any civil or criminal proceeding, unless the offender consents in writing to the disclosure or the communication is related to an ongoing criminal investigation. The privilege created by this section shall not extend to disclosures made for the purpose of determining whether the offender should continue to participate in the program. The offender shall be informed in writing of the limits of the privilege created in this section.

In view of the applicable statutes and authority, it is clear that appellant's privilege against compelled self-incrimination was not violated by the sexual offender treatment program's requirement that he admit his guilt. On the contrary, even though the requirement was accompanied by a threat of possible probation revocation, any incriminating admissions made by appellant could not have been used as a basis for criminal charges against him. Hence, it follows that the trial court did not violate appellant's right against self-incrimination either by insisting that he admit guilt as required by the treatment program, or by revoking his probation due to his failure to make such admissions.

Next, appellant contends that the trial court violated his right to due process because he was inadequately notified of the fact that he would be required to admit guilt in order to remain on probation. We disagree.

Appellant stated in his motion for probation that he was "willing to enroll in any type of therapy program." The presentence investigation report indicated that appellant was "a good candidate for probation," and that if he was probated "it is mandatory that he participate in the Sex Offender Program. Part of this program requires the defendant to admit his crimes, and this requirement includes those who made an Alford Plea [sic]." Although appellant specifically objected to other portions of the presentence re-

port, the admission of guilt requirement was not raised in the sentencing hearing and, hence, it is unclear whether appellant was actually aware of this requirement at the time of his sentencing. However, five days after entry of the final judgment, appellant requested the court to "either modify the order of probation, or order that the sex offender program accept" him "on the condition that he only has to admit to offenses involving" one of the three named victims. After the court denied this motion, appellant neither appealed the court's order denying same, nor requested the court to modify the judgment to eliminate probation and/or the required participation in the sexual offender program.

■ Thus, even if we assume that appellant was unaware of the admission of guilt requirement at the time of his initial sentencing, it is clear from his subsequent motion that he was aware of the requirement within a few days thereafter. However, as appellant neither timely appealed from the court's order denying his motion nor requested the court to impose an alternative punishment not requiring an admission of guilt, we are entitled to conclude that appellant knowingly accepted the requirement that he admit guilt as a term of his probation. That being so, we cannot agree with appellant's contention that his right to due process was violated by the trial court's revocation of his probation, more than eighteen months later, based upon his failure to comply with the admission of guilt requirement of the sexual offender treatment program.

The court's order is affirmed.

COMBS, J., concurs.

MILLER, J., concurs in result only.