**Tammy SKAGGS, Appellant**

v.

**COMMONWEALTH of Kentucky, Appellee**

**NO. 2014–CA–001811–MR**

Court of Appeals of Kentucky.

RENDERED: JANUARY 22, 2016; 10:00 A.M.

Rehearing Denied April 14, 2016

Brief for Appellant: Ronald E. Hines, Elizabethtown, Kentucky.

Brief for Appellee: Jack Conway, Attorney General of Kentucky, Frankfort, Kentucky, David W. Barr, Assistant Attorney General, Frankfort, Kentucky.

BEFORE: CLAYTON, DIXON, AND KRAMER, JUDGES.

*OPINION*

KRAMER, JUDGE:

Tammy Skaggs appeals the Larue Circuit Court's order denying her RCr [1] 11.42 motion to vacate her sentence. After a careful review of the record, we affirm

---

1. Kentucky Rules of Criminal Procedure.

because Skaggs's RCr 11.42 motion was untimely filed, her claim that the circuit court erred in ordering her to undergo counseling lacks merit, and her remaining claims are not properly before us on appeal.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Skaggs was indicted on two counts of second-degree sodomy and two counts of first-degree sexual abuse. The Commonwealth provided an offer on a plea of guilty, in which it agreed to dismiss counts one through three with prejudice in exchange for Skaggs entering a guilty plea to count four (*i.e.*, one of the counts of first-degree sexual abuse). The Commonwealth also proffered to recommend five years of imprisonment on count four, but informed Skaggs that it would oppose probation and object to any furloughs. Skaggs moved to enter a guilty plea in accord with the Commonwealth's offer.

■■■ The circuit court entered its judgment of conviction, stating that Skaggs entered an *Alford*[2] plea to one count of first-degree sexual abuse. The court's judgment sentenced Skaggs to five years of imprisonment. It further provided that the remaining counts against Skaggs were dismissed, with prejudice.

The court also entered a separate order sentencing Skaggs to a period of five years of conditional discharge following her release from incarceration upon expiration of her sentence or completion of parole. Both the final judgment and the order of conditional discharge were entered on February 3, 2010.

On July 8, 2014, Skaggs moved to vacate her sentence pursuant to RCr 11.42. In her motion, she contended that: (1) the order sentencing her to conditional discharge was unconstitutional, pursuant to *Jones v. Commonwealth*, 319 S.W.3d 295 (Ky.2010);[3] (2) the court's order that she undergo counseling was in error; and (3) she received the ineffective assistance of counsel.

The circuit court denied Skaggs's RCr 11.42 motion. In doing so, the court reasoned that RCr 11.42(2) requires the motion to " 'be signed and verified by the movant,' " and that " '[f]ailure to comply with this section shall warrant a summary dismissal of the motion.' " The court found that Skaggs had not signed nor verified the motion. The circuit court also reasoned that RCr 11.42(10) required Skaggs to file her motion within three years of the *Jones* decision, which was rendered on September 23, 2010. The

---

**2.** *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). An *Alford* plea "permits a conviction without requiring an admission of guilt and while permitting a protestation of innocence." *Wilfong v. Commonwealth*, 175 S.W.3d 84, 103 (Ky.App. 2004). "The entry of a guilty plea under the *Alford* doctrine carries the same consequences as a standard plea of guilty. By entering such a plea, a defendant may be able to avoid formally admitting guilt at the time of sentencing, but he nonetheless consents to being treated as if he were guilty with no assurances to the contrary." *Wilfong*, 175 S.W.3d at 102 (internal quotation marks omitted).

**3.** In *Jones*, the Kentucky Supreme Court held that KRS 532.043(5) was unconstitutional because it violated the separation of powers doctrine set forth in Sections 27 and 28 of the Kentucky Constitution by giving to the judicial branch the executive branch's power to revoke conditional discharge that was imposed following a period of incarceration. *Jones*, 319 S.W.3d at 296. The Court held, however, that only subsection (5) of KRS 532.043 was unconstitutional, and that because it "was severable from the remainder of the statute," the remaining subsections of KRS 532.043 remained in force. *Jones*, 319 S.W.3d at 300.

court held that Skaggs had waited more than three years to file her motion.

The circuit court further noted that

> following the *Jones* decision, the General Assembly revised KRS[4] 532.043. The term "conditional discharge" is no longer used. Instead, it was replaced with "post-incarceration supervision." As a result, revocation decisions are now within the exclusive purview of the Parole Board, which conducts the revocation proceedings according to the mandates of Kentucky Administrative Regulations 501 KAR 1:070.

The court stated it had never revoked Skaggs's five-year sentence of conditional discharge. Thus, the circuit court assumed "that the Department of Corrections has apparently determined that Skaggs has violated 'post-incarceration supervision' under KRS 532.043." It held that "[w]ith Skaggs attempting to challenge the constitutionality of this statute, [the court] finds that Skaggs must notify the Attorney General of this issue." Therefore, for the aforementioned reasons, the circuit court denied Skaggs's RCr 11.42 motion.

Skaggs now appeals, contending that: (a) KRS 532.043(5) was unconstitutional and void; (b) the circuit court's order that she undergo counseling was in error; (c) she is entitled to relief pursuant to CR[5] 60.02; (d) she is entitled to equitable tolling; (e) she is entitled to relief under the doctrine of palpable error; and (f) her conviction violates Section 19 of the Kentucky Constitution. Skaggs also alleges that, contrary to the circuit court's decision, her RCr 11.42 motion was not time-barred.

## II. STANDARD OF REVIEW

In a motion brought under RCr 11.42, "[t]he movant has the burden of establishing convincingly that he or she was deprived of some substantial right which would justify the extraordinary relief provided by [a] post-conviction proceeding.... A reviewing court must always defer to the determination of facts and witness credibility made by the circuit judge." *Simmons v. Commonwealth,* 191 S.W.3d 557, 561 (Ky.2006), *overruled on other grounds by Leonard · v. Commonwealth,* 279 S.W.3d 151, 159 (Ky.2009). An RCr 11.42 motion is "limited to issues that were not and could not be raised on direct appeal." *Id.* Pursuant to RCr 11.42(5), if there is "a material issue of fact that cannot be determined on the face of the record the court shall grant a prompt hearing...."

## III. ANALYSIS

### A. KRS 532.043(5)

Skaggs first argues that because six months after the judgment was entered in her case, the Kentucky Supreme Court held in *Jones* that KRS 532.043(5) violated the separation of powers doctrine by giving the judicial branch, as opposed to the executive branch, the power to revoke conditional discharge imposed following a period of imprisonment, the circuit court's order sentencing her to conditional discharge was unconstitutional and void.

Pursuant to RCr 11.42(10),

> [a]ny motion under this rule shall be filed within three years after the judgment becomes final, unless the motion alleges and the movant proves either:
>> (a) that the facts upon which the claim is predicated were unknown to the movant and could not have been

---

**4.** Kentucky Revised Statutes.

**5.** Kentucky Rules of Civil Procedure.

ascertained by the exercise of due diligence; or

(b) that the fundamental constitutional right asserted was not established within the period provided for herein and has been held to apply retroactively.

... If the motion qualifies under one of the foregoing exceptions to the three year time limit, the motion shall be filed within three years after the event establishing the exception occurred.

In the present case, the circuit court entered its judgment of conviction and its order sentencing Skaggs to conditional discharge following her imprisonment on February 3, 2010. However, Skaggs did not file her RCr 11.42 motion until July 8, 2014, which was beyond the three-year period of time in which she was permitted to file her motion, pursuant to RCr 11.42(10). To the extent that Skaggs contends the *Jones* case, which was entered on September 23, 2010, and upon which she bases this claim, satisfies one of the exceptions to the timeliness requirement set forth in RCr 11.42(10), her motion nevertheless was not filed within three years of the date that *Jones* was entered and, consequently, her motion was untimely filed pursuant to RCr 11.42(10).

■ Skaggs argues, however, that her motion was not time-barred. She alleges that, pursuant to CR 12.08(3),[6] when a court lacks subject matter jurisdiction, it shall dismiss the action. Skaggs contends that because the circuit court's order sentencing her to conditional discharge was unconstitutional (due to the fact that it was based upon KRS 532.043, part of which was subsequently found to be an unconstitutional statute by the *Jones* Court), the

circuit court lacked subject matter jurisdiction to enter that order sentencing her to conditional discharge. Because the court allegedly lacked subject matter jurisdiction to enter the order, Skaggs asserts that the issue is not time-barred because issues of subject matter jurisdiction may be raised at any time.

We note that *Jones* held that only KRS 532.043(5), which involved the procedure for revocation of conditional discharge, was unconstitutional, and that because that provision was "severable from the remainder of the statute," the remaining provisions of KRS 532.043 remained in full force. *Jones*, 319 S.W.3d at 300. The remaining provisions of KRS 532.043 required people convicted of, pleading guilty to, or entering an *Alford* plea to certain offenses (including the one to which Skaggs entered an *Alford* plea) to be subject to a five-year period of conditional release following release from incarceration upon expiration of sentence or completion of parole, and to comply with all orders, education, training, and treatment required by the Department of Corrections. Thus, Skaggs's allegation that the circuit court's order sentencing her to conditional discharge was unconstitutional and void lacks merit because the court was required to order her to be subject to conditional release, as provided by the subsections of KRS 532.043 that remained in effect. Consequently, the circuit court had subject matter jurisdiction over sentencing Skaggs to the period of conditional discharge, and her claim is time-barred.

■ We further note that Skaggs does not contend that the *circuit court* revoked her conditional discharge, which it was forbidden to do pursuant to *Jones*, and there is no order by the circuit court revoking

---

6. Civil Rule 12.08(3) provides that "[w]henever it appears that the court lacks jurisdiction

of the subject matter, the court shall dismiss the action."

her conditional discharge in the record before us. In fact, the circuit court stated in its order denying Skaggs's RCr 11.42 motion that it had not revoked her sentence of conditional discharge in this case. Skaggs asserts in her appellate brief that she was arrested and charged with having failed to satisfy a condition of her "conditional discharge," i.e., failing to attend the required counseling class, and she was placed back in prison as a result. In its order denying her RCr 11.42 motion, the circuit court surmised that this meant that the Department of Corrections must have determined that Skaggs had violated her "post-incarceration supervision" [7] set forth in the revised KRS 532.043. The court then stated that Skaggs "should challenge that authority by filing a civil action in the county where she is presently being detained." We agree. As the Supreme Court stated in *Jones*, "[o]nly on appeal of an administrative action should the judicial branch become involved in the executive branch's legitimate exercise of its power to execute sentences." *Jones*, 319 S.W.3d at 300. In other words, if the Division of Probation and Parole, by which Skaggs was supervised while she was on "post-incarceration supervision" (formerly called "conditional discharge"), revoked her post-incarceration supervision, she must follow the appropriate procedures for appealing that administrative decision before the judicial branch may become involved.

7. Following *Jones*, the General Assembly revised KRS 532.043. Although *Jones* held that only KRS 532.043(5) was unconstitutional and that the remaining provisions of KRS 532.043 remained in force, the General Assembly changed the references to "conditional discharge" that were in the remaining provisions of the statute to "postincarceration supervision." This was the only change the General Assembly made to KRS 532.043(1)–(4). Regarding KRS 532.043(5), the General Assembly changed that unconstitutional provision to read as follows:

Therefore, this claim is not properly before us in the present appeal.

Moreover, to the extent that Skaggs challenges the constitutionality of the revised KRS 532.043, she did not notify the Attorney General of her constitutional challenge to the statute before she challenged it in the circuit court, as she was required to do by KRS 418.075. *See Benet v. Commonwealth*, 253 S.W.3d 528, 532 (Ky.2008). Therefore, we will not review the question of whether the revised statute is constitutional.

## B. COUNSELING ORDER

Skaggs next alleges that the circuit court's order that she undergo counseling was in error. In its order sentencing Skaggs to conditional discharge, the court ordered that during her conditional discharge period, Skaggs must "[c]omply with all education, treatment, testing, or combination thereof required by the Department of Corrections." As previously mentioned, Skaggs entered an *Alford* plea, yet she contends that the counseling course requires her to admit guilt as a condition of successfully completing the course, and she alleges that this violates her constitutional right against self-incrimination.

However, as discussed *supra*, Skaggs brought this claim in an untimely filed

> If a person violates a provision specified in subsection (3) of this section, the violation shall be reported in writing by the Division of Probation and Parole. Notice of the violation shall be sent to the Parole Board to determine whether probable cause exists to revoke the defendant's postincarceration supervision and reincarcerate the defendant as set forth in KRS 532.060.

In KRS 532.043(6), the General Assembly provided that "[t]he provisions of [KRS 532.043] shall apply only to persons convicted, pleading guilty, or entering an *Alford* plea after July 15, 1998."

RCr 11.42. Regardless, even if we were to assume that the claim was brought timely, as it perhaps qualifies for an exception to the timeliness requirement because Skaggs may not have known until she began her conditional discharge (which she alleges began around the end of May 2013) that she would have to admit guilt as part of her counseling, the claim lacks merit.

In *Razor v. Commonwealth*, 960 S.W.2d 472 (Ky.App.1997), this Court addressed this issue. The Appellant in *Razor* had entered an *Alford* plea, yet he was informed that in order to complete the sexual offender treatment program, he would have to admit his guilt regarding the victims. The Commonwealth moved to revoke Razor's probation for various reasons, one of which was that "he had been terminated from the sexual offender treatment program" because he "failed to admit his guilt as to all three victims or to satisfactorily participate in group therapy sessions." *Razor*, 960 S.W.2d at 473. The circuit court revoked Razor's probation, and he appealed, contending "that the trial court violated his right against self-incrimination by revoking his probation due to his refusal to admit that he had committed all of the crimes[.]" *Razor*, 960 S.W.2d at 473–74. This Court then reviewed *Minnesota v. Murphy*, 465 U.S. 420, 104 S.Ct. 1136, 79 L.Ed.2d 409 (1984), and noted that in *Murphy*, the United States Supreme Court held that "a sentence of probation may be revoked due to the probationer's violation of an express condition of probation by refusing to answer incriminating questions, so long as any incriminating responses which are made are not then used against the probationer in a criminal proceeding." *Razor*, 960 S.W.2d at 474 (discussing *Murphy*, 465 U.S. at 437, 104 S.Ct. at 1147, n. 7). This Court further held in *Razor* that pursuant to KRS 439.510 and KRS 197.440, and contrary to Razor's argument, any admission of guilt that Razor would make as part of his sexual offender treatment program could not be used to support perjury or other criminal charges against him. The Court concluded that

> [i]n view of the applicable statutes and authority, it is clear that [Razor's] privilege against compelled self-incrimination was not violated by the sexual offender treatment program's requirement that he admit his guilt. On the contrary, even though the requirement was accompanied by a threat of possible probation revocation, any incriminating admissions made by [Razor] could not have been used as a basis for criminal charges against him.

*Razor*, 960 S.W.2d at 474.

Pursuant to the reasoning in *Razor*, Skaggs's present claim lacks merit. The requirement that she admit guilt as a condition of successfully completing her counseling course does not violate her constitutional right against self-incrimination. As explained in *Razor*, Kentucky has statutes in place to prevent Skaggs's admissions of guilt that she makes during her required counseling from being used as the basis for criminal charges against her. Therefore, this claim lacks merit.

## C. CR 60.02 RELIEF

■ Skaggs next asserts that she is entitled to relief pursuant to CR 60.02(e) and/or (f). Specifically, she alleges that even if her RCr 11.42 motion was not timely filed, "the court may afford her relief pursuant to the provisions of CR 60.02." However, Skaggs did not raise this claim in the circuit court, and we will not consider it for the first time on appeal. *See Kennedy v. Commonwealth*, 544 S.W.2d 219, 222 (Ky.1976).

## D. EQUITABLE TOLLING

Skaggs next argues that she was entitled to equitable tolling of the three-year time limit for filing her RCr 11.42 motion. However, because she did not raise this equitable tolling claim in the circuit court, we will not review it on appeal. *See Commonwealth v. Carneal,* 274 S.W.3d 420, 428 (Ky.2008).

## E. PALPABLE ERROR

Skaggs next claims that she is entitled to relief under the doctrine of palpable error. Kentucky Rules of Criminal Procedure 10.26 provides as follows: "A palpable error which affects the substantial rights of a party may be considered ... by an appellate court on appeal, even though insufficiently raised or preserved for review, and appropriate relief may be granted upon a determination that manifest injustice has resulted from the error."

> [T]he requirement of "manifest injustice" as used in RCr 10.26 ... mean[s] that the error must have prejudiced the substantial rights of the defendant, ... *i.e.,* a substantial possibility exists that the result of the trial would have been different....
>
> [The Kentucky Supreme Court has] stated that upon consideration of the whole case, the reviewing court must conclude that a substantial possibility exists that the result would have been different in order to grant relief.

*Castle v. Commonwealth,* 44 S.W.3d 790, 793–94 (Ky.App.2000) (internal quotation marks and citation omitted).

In the present case, no palpable error occurred. As previously explained, the circuit court was required by statute to sentence Skaggs to a five-year period of conditional discharge, and if her post-incarceration supervision has been revoked by the Division of Probation and Parole, she needs to appeal that through the proper administrative process. Additionally, Skaggs's claim that her right against self-incrimination was violated due to the requirement she admit guilt as a condition of successfully completing her counseling course lacks merit because the admission of guilt pertaining to this case that she would make in counseling cannot be used against her, as discussed previously. Therefore, no error, palpable or otherwise, occurred regarding these claims.

## F. KENTUCKY CONSTITUTION SECTION 19

Finally, Skaggs contends that her conviction violates Section 19 of the Kentucky Constitution. Section 19 prohibits the enactment of *ex post facto* laws. However, Skaggs did not raise this claim before the circuit court, so we will not review it for the first time on appeal. *See Kennedy,* 544 S.W.2d at 222.

Accordingly, the order of the Larue Circuit Court is affirmed.

ALL CONCUR.