RENDERED: OCTOBER 28, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-1201-MR

BENJAMIN ROSS WOODBURN                                    APPELLANT


APPEAL FROM MCLEAN CIRCUIT COURT
v.          HONORABLE BRIAN WIGGINS, JUDGE
ACTION NO. 18-CR-00065


COMMONWEALTH OF KENTUCKY                                    APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE: DIXON, LAMBERT, AND L. THOMPSON, JUDGES.

LAMBERT, JUDGE: Appellant Benjamin Ross Woodburn (Woodburn) appeals

from the order of the McLean Circuit Court, entered on May 10, 2021, denying his

motion to vacate his sentence pursuant to Kentucky Rules of Criminal Procedure

(RCr) 11.42. Following review of the record, briefs, and applicable law, we

affirm.

## FACTS AND PROCEDURAL BACKGROUND

On November 5, 2018, Woodburn was indicted for third-degree rape and third-degree unlawful transaction with a minor. It was alleged that he, while in a position of authority or special trust,[1] engaged in sexual intercourse with a female minor, less than eighteen years of age, and gave her alcohol while knowing she was under the age of eighteen. On December 17, 2018, he entered a guilty plea accepting the Commonwealth's offer of a sentence of one year for third-degree rape and twelve months for unlawful transaction with a minor.

At the guilty plea hearing, a plea colloquy was conducted. Woodburn acknowledged he signed the forms containing his guilty plea, discussed them with his attorney, and understood their contents. When asked if he had any questions for the trial court pertaining to his plea, Woodburn indicated he did not. A sentencing hearing was scheduled for February 25, 2019. On February 20, 2019, a motion for work release was filed, pursuant to Kentucky Revised Statutes (KRS) 439.265.

At the sentencing hearing, trial counsel questioned whether Woodburn would be required to complete the sex offender treatment program (SOTP) as indicated in the presentence investigation report. Trial counsel expressed

---

[1] Woodburn was under contract with the McLean County school district for a teaching position at the time of the incident.

confusion due to a previous conversation he had with a representative at the Department of Corrections (DOC) indicating Woodburn would "not have to do it" unless "probation and parole requires it." The Commonwealth and a representative from probation and parole confirmed, on the record, that Woodburn would have to complete the program. The trial court then discussed the requirements of post-incarceration supervision and informed Woodburn that failure to complete SOTP was actionable by probation and parole. The trial court subsequently heard arguments on Woodburn's motion for work release.

A final judgment and sentence of imprisonment was entered on February 27, 2019, sentencing Woodburn to one year and requiring him to register as a sex offender for twenty years. On March 1, 2019, the trial court entered an order denying Woodburn's motion for work release. Two additional motions for work release were subsequently filed and denied.

On January 26, 2021, Woodburn filed a motion to vacate his sentence pursuant to RCr 11.42. He alleged that he received ineffective assistance of counsel when his trial counsel failed to fully advise him of the consequences of pleading guilty to a sex offense. An evidentiary hearing was held on April 12, 2021. Three witnesses testified during the hearing: Kentucky State Police Trooper Shane Settle, the investigating officer; the victim; and Woodburn.

At the hearing, the Commonwealth presented cell phone and location data evidence indicating Woodburn and the victim were together on the date, time, and near the location of the pled offenses. Trooper Settle testified that the victim acknowledged engaging in intercourse with Woodburn to investigators and two friends who also informed him that they observed physical markings on the victim near the time of the incident. During her testimony at the evidentiary hearing, the victim denied ever having intercourse with Woodburn or having any such physical markings but confirmed she was with him on the date and time in question and that he provided her with alcohol. She further acknowledged telling two friends and law enforcement she engaged in intercourse with Woodburn but testified she was motivated by a desire to garner popularity among her peers and was "hounded" by investigators during her questioning. Woodburn testified that, prior to entry of his guilty plea, trial counsel never informed him of post-incarceration supervision, he believed he would not have to complete SOTP, and he believed he would be granted work release.

The trial court denied Woodburn's RCr 11.42 motion by its order entered on May 10, 2021.

**STANDARD OF REVIEW**

A motion filed pursuant to RCr 11.42 is reviewed under the two-prong test laid forth in *Strickland v. Washington*, 466 U.S. 688, 104 S. Ct. 2052, 80 L.

Ed. 2d 674 (1984); *accord Gall v. Commonwealth*, 702 S.W.2d 37 (Ky. 1985), which requires a showing by the movant that counsel's performance was "deficient" as measured by the objective standard of reasonableness under "prevailing professional norms." Once this prong is satisfied, it must then be demonstrated whether counsel's error resulted in a reasonable probability that the outcome would have been different. In cases involving a guilty plea, the movant must show that, but for counsel's deficient performance, the movant would not have pled guilty but would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985). There is a strong presumption that counsel's representation is within the "wide range" of reasonable assistance. *Commonwealth v. Pridham*, 394 S.W.3d 867, 875 (Ky. 2012) (citing *Strickland*, 466 U.S. at 689, 104 S. Ct. at 2052). "Hindsight and second guesses" are "inappropriate, and often more so, where a plea has been entered without a full trial[.]" *Id.* at 876 (quoting *Premo v. Moore*, 562 U.S. 115, 132, 131 S. Ct. 733, 745-46, 178 L. Ed. 2d 649 (2011)). We review a trial court's factual findings only for clear error, but its application of legal standards *de novo*. *Id.* at 875.

## ANALYSIS

We must first address deficiencies in the appellant brief, which does not conform with the provisions of Kentucky Rules of Civil Procedure (CR) 76.12(4)(c)(iv) and (v). These provisions require an appellant's brief to contain:

(iv) A "STATEMENT OF THE CASE" consisting of a chronological summary of the facts and procedural events necessary to an understanding of the issues presented by the appeal, *with ample references to the specific pages of the record, or tape and digital counter number in the case of untranscribed videotape* or audiotape recordings, or date and time in the case of all other untranscribed electronic recordings, supporting each of the statements narrated in the summary.

(v) An "ARGUMENT" conforming to the statement of Points and Authorities, *with ample supportive references to the record* and citations of authority pertinent to each issue of law and *which shall contain at the beginning of the argument a statement with reference to the record showing whether the issue was properly preserved for review and, if so, in what manner*.

*Id.* (emphasis added). The appellant's brief contains minimal citations to the record, no specific digital counter number as it relates to the video record, and no statement of preservation at the beginning of its argument section for any arguments raised on appeal with citations to the record demonstrating how they were preserved for review.

Striking a brief for failure to provide citations to the record for factual assertions and imposing the manifest injustice standard of review for an omitted statement of preservation are available sanctions for these respective errors in appellate briefing. CR 76.12(8); *Ford v. Commonwealth*, 628 S.W.3d 147, 155 (Ky. 2021); *Commonwealth v. Roth*, 567 S.W.3d 591, 595-96 (Ky. 2019). However, after careful review and consideration, we will not strike the brief and

will review the arguments under the ordinary *Strickland* analysis due to the relatively small length of the record and the readily discernible issues presented for argument. *See Hallis v. Hallis*, 328 S.W.3d 694, 698 (Ky. App. 2010).

The trial court denied Woodburn's motion to vacate due to his failure to include a signed verification, as required by RCr 11.42(2), and on the merits of his motion. RCr 11.42(2) states:

> The motion *shall be signed and verified* by the movant and shall state specifically the grounds on which the sentence is being challenged and the facts on which the movant relies in support of such grounds. *Failure to comply with this section shall warrant a summary dismissal of the motion.*

(Emphasis added.)

A review of the record supports the trial court's denial of Woodburn's motion for lack of verification.[2] This is a mandatory requirement that must be complied with, otherwise, the trial court lacks jurisdiction. *Cleaver v. Commonwealth*, 569 S.W.2d 166, 169 (Ky. 1978). On this reasoning alone, dismissal of Woodburn's motion was warranted.

---

[2] At the conclusion of the April 12, 2021, evidentiary hearing, Woodburn's counsel stated to the trial court that a verification was signed and completed. However, the record before this Court does not contain a written verification with the RCr 11.42 motion on file, and the appellant's brief offers no argument on appeal addressing this nor does it provide a citation to the record on appeal where a verification could be located. It is an appellant's responsibility to ensure that the record is complete on appeal, and it is to be assumed that the omitted record supports the decision of the trial court. *See Hatfield v. Commonwealth*, 250 S.W.3d 590, 600-01 (Ky. 2008) (citation omitted).

As to the trial court's decision on the merits of the underlying claims, we further find no errors which would have compelled reversal had the motion been compliant with the verification requirement.

In his brief, Woodburn devotes discussion to the requirements for a knowing and voluntarily entered plea under *Boykin v. Alabama*, 395 U.S. 238, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969). Woodburn does not dispute he was sufficiently aware of the rights he was waiving and the direct consequence of his plea. Instead, he contends he was not sufficiently advised of various consequences related to conviction for a sex offense. Specifically, Woodburn argues trial counsel failed to advise him of the requirements of post-incarceration supervision under KRS 532.043 and incorrectly advised him about completion of SOTP along with its effect on his parole eligibility. Woodburn further alleges he was incorrectly advised as to his eligibility for work release.

At the evidentiary hearing, Woodburn failed to offer any testimony from trial counsel. This presented evidentiary hurdles because, as the movant bringing a claim under RCr 11.42, he has the burden of establishing *convincingly* he was deprived of a substantial right. *Skaggs v. Commonwealth*, 488 S.W.3d 10, 14 (Ky. App. 2016) (citation omitted). Due to the absence of trial counsel, there was no testimony offered, aside from Woodburn's, as to what he was or was not advised of by trial counsel prior to the entry of his guilty plea.

While it is a general rule that uncontradicted testimony of a fact is to be considered conclusive, there are exceptions such as when the witness has a stake or interest in the outcome of the litigation, in which case the trier of fact may weigh the credibility of the testimony. *Bullock v. Gay*, 296 Ky. 489, 491, 177 S.W.2d 883, 885 (1944). Upon appeal of an order entered after an RCr 11.42 evidentiary hearing, a reviewing court must defer to the lower court on findings of fact and assessment of witness credibility unless clearly erroneous. *Skaggs*, 488 S.W.3d at 14; *Saylor v. Commonwealth*, 357 S.W.3d 567, 571 (Ky. App. 2012).

At the conclusion of all the witness testimony presented at the evidentiary hearing, the trial court inquired about trial counsel's absence as a witness. Woodburn's counsel responded that the record "bears out" the alleged errors of trial counsel. However, a review of the record does not clearly demonstrate what trial counsel advised Woodburn and only leaves room for the type of second guessing that is impermissible in these actions. *See Pridham*, 394 S.W.3d at 875.

Woodburn had notice of post-incarceration supervision and SOTP based on his affirmative acknowledgements during sentencing when he was asked if he understood he would be subject to and required to complete them. Additionally, any alleged deficiencies in trial counsel's advice concerning SOTP

and his work release eligibility would not warrant relief for ineffective assistance under these circumstances. *See Pridham*, 394 S.W.3d at 882.

Lastly, we do not find any error in the trial court's ruling that any alleged deficient performance by counsel did not prejudice Woodburn. Witness testimony demonstrates the victim stated she engaged in intercourse with Woodburn, and there was corroborating evidence in the form of witnesses and cell phone and location data placing Woodburn and the victim near the scene of the incident where the offenses occurred. That the victim recanted her statement does not alone satisfy the second *Strickland* prong. Kentucky law generally looks upon recantations with skepticism. *See Taylor v. Commonwealth*, 175 S.W.3d 68, 71 (Ky. 2005), *as modified on denial of reh'g* (Nov. 23, 2005) ("[R]ecanted testimony is not reliable and should therefore be given little weight . . . ."); *Hensley v. Commonwealth*, 305 S.W.3d 434, 437 (Ky. App. 2010) ("That a witness has recanted prior testimony is relevant to judging credibility, but it would not result in an automatic dismissal of charges or an acquittal."). Furthermore, there is nothing in the record indicating the victim recanted the allegations prior to the entry of Woodburn's plea.

Woodburn finally asserts he had a defense based upon the assertion that he was no longer providing services to the school the victim attended at the time of the incident. But it is undisputed that Woodburn was still under contract

with the McLean County school district and the victim was under the age of eighteen, and the victim testified that she knew Woodburn from his position at her school. Considering the totality of this evidence, it was not unreasonable for trial counsel to advise Woodburn to accept the plea, and we do not find it reasonably likely he would have rejected the plea in favor of proceeding to trial.

## CONCLUSION

For the foregoing reasons, the McLean Circuit Court's order denying Woodburn's RCr 11.42 motion is affirmed.

ALL CONCUR.

BRIEF FOR APPELLANT:

Steven L. Boling
Owensboro, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Jenny L. Sanders
Assistant Attorney General
Frankfort, Kentucky