RENDERED: DECEMBER 6, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0638-MR

JEREMY WICKS                                                                 APPELLANT

APPEAL FROM HOPKINS CIRCUIT COURT
v.      HONORABLE CHRISTOPHER BRYAN OGLESBY, JUDGE
ACTION NO. 20-CR-00093

COMMONWEALTH OF KENTUCKY                                     APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: ACREE, CETRULO, AND A. JONES, JUDGES.

CETRULO, JUDGE: Jeremy Wicks ("Wicks"), *pro se*, appeals the Hopkins

Circuit Court's denial of his Kentucky Rule of Criminal Procedure ("RCr") 11.42

motion. Having reviewed the briefs, the record, and the rulings below, we affirm.

## BACKGROUND

On April 6, 2020, Wicks shot three men at a home in which he lived

in a garage. Two of the victims died, and the third was severely injured. The

Madisonville Police Department executed a search warrant on the garage and found multiple guns, methamphetamine, and marijuana. The Hopkins County grand jury indicted Wicks on two counts of murder; one count of assault in the first-degree; four counts of being a felon in possession of a firearm; two counts of being a felon in possession of a handgun; one count of first-degree trafficking in a controlled substance, two or more grams of methamphetamine (weapon enhanced); one count of trafficking in marijuana, eight ounces or more, but less than five pounds (weapon enhanced); one count of violation of an emergency protective order; and one count of being a second-degree persistent felony offender.[1] The Commonwealth argued Wicks acted intentionally and initially sought the death penalty.

Throughout the proceedings Wicks was held at the Hopkins County Detention Center ("HCDC") under a $1,000,000 bond. At HCDC, Wicks often complained that he was not getting adequate medical care for gastroesophageal reflux disease (GERD).

On September 14, 2021, Wicks appeared before the Hopkins Circuit Court and entered an *Alford* plea.[2] In exchange for pleading guilty to all the

---

[1] In exchange for his later guilty plea, the Commonwealth dismissed the persistent felony offender charge.

[2] *North Carolina v. Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970). "An *Alford* plea 'permits a conviction without requiring an admission of guilt and while permitting a protestation of innocence.'" *Skaggs v. Commonwealth*, 488 S.W.3d 10, 13 n.2 (Ky. App. 2016)

charges (except the persistent felony offender charge, which was dismissed) the Commonwealth recommended a sentence of life imprisonment.

During the plea colloquy, the court explained the result of his guilty plea, including waiving certain rights, and the possible punishment range. Wicks stated he understood. Wicks confirmed that he was not motivated to plea by threats or promises; that he did not feel pressure from anyone to make the plea; and, finally, that he made the plea willingly, freely, and voluntarily. The circuit court sentenced him in conformity with the Commonwealth's recommendation, and it noted that Wicks would not be eligible for probation or shock probation, nor would he be eligible for parole until he served at least 20 years.

Wicks did not file a direct appeal. In February 2023, Wicks, *pro se*, filed a handwritten motion pursuant to RCr 11.42, in which he claimed that he did not receive effective assistance of counsel and asked the circuit court to vacate its judgment. Wicks's motion was predicated on two arguments: (1) that his attorney failed to investigate and present the defense of extreme emotional disturbance; and (2) that his attorney coerced him into pleading guilty. On April 21, 2023, the circuit court denied Wicks's RCr 11.42 motion without an evidentiary hearing, and stated:

---

(quoting *Wilfong v. Commonwealth*, 175 S.W.3d 84, 103 (Ky. App. 2004)). *Alford* pleas carry the same consequences as guilty pleas. *Id*. (citation omitted).

-3-

As the record in this case conclusively disproves the defendant's allegations of promises and coercion and clearly establishes that the defendant's guilty plea . . . was knowingly, willingly, voluntarily and intelligently entered without any coercion, threats or promises by anyone, including his attorney, the defendant's motion should be dismissed. As there are no material issues of fact to be determined and the court record conclusively refutes the defendant's allegations, he is not entitled to an evidentiary hearing in this matter.

Wicks then appealed the denial of his RCr 11.42 motion to this Court. Additional facts are added as necessary.

## ANALYSIS

First, we note that Wicks's brief asserts several errors that he did not raise in his RCr 11.42 motion to the circuit court.[3] As such, those alleged errors are not reviewable. *See Elery v. Commonwealth*, 368 S.W.3d 78, 97 (Ky. 2012) (citation omitted) ("[A]n appellant preserves for appellate review only those issues fairly brought to the attention of the trial court.").

We will address Wicks's assertion that he received ineffective assistance of counsel because his attorney failed to investigate and present the defense of extreme emotional disturbance and his claim that his attorney coerced

---

[3] Wicks's briefs to this Court struggle to form concise arguments and often move from one argument to another without warning. The main arguments he makes, which were not made in his RCr 11.42 motion and that we do not address, are: (a) the circuit court and/or his attorney erred by not adequately evaluating his competency before he pled guilty; and (b) his attorney failed to adequately investigate whether he lived at the residence where the incident occurred or owned the weapons that were found there.

his plea.[4]  Wicks asks that we vacate the circuit court's denial of his RCr 11.42 motion and remand the matter for an evidentiary hearing.  Conversely, the Commonwealth argues that the record conclusively disproves Wicks's assertions, and that we should affirm the circuit court's denial of his RCr 11.42 motion.  After a thorough review of the record, we agree with the Commonwealth.

We review the circuit court's denial of an RCr 11.42 motion for abuse of discretion.  *Bowling v. Commonwealth*, 981 S.W.2d 545, 548 (Ky. 1998).  The circuit court abuses its discretion when it enters an order or makes a ruling which is "arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999) (citations omitted).

To succeed on a claim of ineffective assistance of counsel, the defendant must satisfy the burden of identifying specific errors by counsel. *Strickland v. Washington*, 466 U.S. 668, 687-94, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).  There exists a strong presumption that counsel's actions were the result of trial strategy, and, thus, a movant must first demonstrate that counsel's actions were objectively unreasonable "considering all the circumstances." *Id*. at 688, 104 S. Ct. at 2065.

---

[4] Wicks also claimed to have been made promises regarding classes he could take and gaming systems he could purchase once in the custody of the Department of Corrections.  Nothing in the record supports these allegations, and, as will be explained further below, Wicks's verbal representations at the plea colloquy conclusively rebut this assertion, as does the plea agreement he signed.

Second, the movant "must show that the deficient performance prejudiced the defense." *Id.* at 687, 104 S. Ct. at 2064. "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* at 689, 104 S. Ct. at 2065.

In the context of a plea, the "petitioner must convince the court that a decision to reject the plea bargain would have been rational under the circumstances." *Stiger v. Commonwealth*, 381 S.W.3d 230, 237 (Ky. 2012). The *Stiger* Court stated:

> As noted above, at the pleading stage it is movant's burden to allege specific facts which, if true, would demonstrate prejudice. A conclusory allegation to the effect that absent the error the movant would have insisted upon a trial is not enough. *See, e.g.*, *United States v. Arteca*, 411 F.3d 315, 322 (2nd Cir. 2005). The movant must allege facts that, if proven, would support a conclusion that the decision to reject the plea bargain and go to trial would have been rational, *e.g.*, valid defenses, a pending suppression motion that could undermine the prosecution's case, or the realistic potential for a lower sentence.

*Id.*

When a petitioner requests an evidentiary hearing pursuant to an RCr 11.42 motion, a circuit court must determine "whether the allegations . . . can be resolved on the face of the record, or if there is a material issue of fact that

cannot be conclusively resolved . . . by an examination of the record." *Jackson v. Commonwealth*, 567 S.W.3d 615, 619 (Ky. App. 2019) (citing *Fraser v. Commonwealth*, 59 S.W.3d 448, 452-53 (Ky. 2001)) (internal quotation marks omitted). The *Jackson* Court went on to say, "[i]f the trial court denied an evidentiary hearing, then our review is restricted to 'whether the motion on its face states grounds that are not conclusively refuted by the record and which, if true, would invalidate the conviction.'" *Id.* (quoting *Lewis v. Commonwealth*, 411 S.W.2d 321, 322 (Ky. 1967)).

First, Wicks alleges his legal counsel failed to investigate and fully present a defense of extreme emotional disturbance, but this argument fails because Wicks waived his right to present trial defenses when he voluntarily pled guilty. *See Quarles v. Commonwealth*, 456 S.W.2d 693, 694 (Ky. 1970) (citations omitted) ("[T]he effect of a plea of guilty is to waive all defenses other than that the indictment charges no offense."); *see also Centers v. Commonwealth*, 799 S.W.2d 51, 55 (Ky. App. 1990) (citations omitted) ("[T]he effect of entering a voluntary guilty plea is to waive all defenses other than that the indictment charges no offense."). At the plea colloquy, Wicks verbally confirmed that he had enough time to confer with his counsel regarding his plea; that he had no complaints regarding his counsel's representation of him in the matter; that he understood the charges to which he pled guilty; and that he understood the rights he waived by

pleading guilty. The same confirmations are reflected in the motion to enter guilty plea, which Wicks and his attorney signed on September 14, 2021.

Furthermore, even if he had not waived that right, the record reveals that Wicks's counsel filed several motions in connection with the investigation of his case, including, but not limited to: (i) a motion for discovery and bill of particulars; (ii) a motion for access to the crimes scene; (iii) a motion to preserve evidence; and (iv) motions for Kentucky Correctional Psychiatric Center records and raw data. Furthermore, Wicks's brief to this Court acknowledges that he and his counsel discussed the defense of extreme emotional disturbance. Wicks has not pointed us to anything in the record that rebuts the strong presumption that his counsel's advice to move forward with the plea agreement, in lieu of an extreme emotional disturbance defense, was the result of a strategic decision.

Second, addressing Wicks's claims of coercion, he asserts that his attorney coerced him into pleading guilty so that he could receive adequate medical treatment at a new detention facility. However, the record shows that his counsel actively attempted to get him better medical care while he was incarcerated. His counsel filed a motion calling for the administration of necessary medical care relating to Wicks's GERD issues. Furthermore, at a hearing in open court, his counsel argued that his client's medical treatment was not adequate.

Thus, the record directly refutes coercion and reflects advocacy by counsel. Once again, we look to the plea colloquy during which Wicks confirmed that he was not pressured by anyone or motivated by threats or promises to plead guilty. He also confirmed, verbally and on the signed motion to enter guilty plea, that he "freely, knowingly, intelligently, and voluntarily made" the plea. Further, Wicks did not appear to be under stress, duress, or in pain during the plea colloquy, and he was responsive to the court's questions at that time. As such, the record conclusively refutes the assertions that his counsel failed to investigate and present an extreme emotional disturbance defense and/or that his counsel coerced him into pleading guilty.

Finally, even if we found any ineffective assistance of counsel, Wicks has failed to show that he was prejudiced by counsel's deficient performance and that it would have been rational to reject the plea. To establish ineffective assistance of counsel in the context of a guilty plea, Wicks needed to demonstrate that "(1) defense counsel's performance fell outside the wide range of professionally competent assistance; and that (2) a reasonable probability exists that, but for the deficient performance of counsel, the movant would not have pled guilty, but would have insisted on going to trial." *Commonwealth v. Rank*, 494 S.W.3d 476, 481 (Ky. 2016).

"A conclusory allegation to the effect that absent the error the movant would have insisted upon a trial is not enough." *Stiger*, 381 S.W.3d at 237 (citations omitted).  If Wicks were to have rejected the plea deal and gone to trial, he could have received the death penalty, imprisonment for life without probation or parole, or imprisonment for life without benefit of probation or parole until he had served a minimum of 25 years of his sentence.  Instead, by pleading guilty, Wicks is effectively serving a life sentence, but he may be eligible for parole after 20 years.  His plea helped him not only to avoid the death penalty but also to avoid a life sentence with no future opportunity of a life outside of incarceration.  Wicks has not showed us that rejecting this deal would have been rational under the circumstances.

## CONCLUSION

Wicks did not present an issue of material fact, and the record conclusively disproves the assertions he made in his RCr 11.42 motion.  Further, Wicks did not establish grounds that – even if true – would invalidate the conviction.  *See Jackson*, 567 S.W.3d at 619.  Therefore, the Hopkins Circuit Court did not abuse its discretion when it denied the motion without an evidentiary hearing, and we AFFIRM.

ALL CONCUR.

BRIEF FOR APPELLANT:

Jeremy Ray Wicks, *pro se*
Wheelwright, Kentucky

BRIEF FOR APPELLEE:

Russell Coleman
Attorney General of Kentucky

Stephanie L. McKeehan
Assistant Attorney General
Frankfort, Kentucky