**Darnell HOPEWELL, Appellant,**

v.

**COMMONWEALTH of
Kentucky, Appellee.**

Court of Appeals of Kentucky.

Feb. 15, 1985.

Discretionary Review Denied by Supreme Court April 24, 1985.

Opinion Ordered Published by Supreme Court April 25, 1985.

Karen Jones, Asst. Public Advocate, Lexington, for appellant.

David L. Armstrong, Atty. Gen., Cicely Jaracz, Asst. Atty. Gen., Frankfort, for appellee.

Before COMBS, HOWERTON and LESTER, JJ.

HOWERTON, Judge.

 Hopewell appeals from an order of the Boone Circuit Court denying his RCr 11.42 motion for post-conviction relief. The only issue is whether the trial judge erred in denying the motion without an evidentiary hearing or the appointment of counsel to determine if Hopewell had been denied effective assistance of counsel at trial. Hearings and appointments are not necessary when the record in the case refutes the movant's allegations. *Newsome v. Commonwealth,* Ky., 456 S.W.2d 686 (1970). We conclude that the record does support the denial, and we affirm the order.

Hopewell claims that he was denied effective assistance of counsel at trial because his counsel failed to move for a directed verdict at the close of the case. Hopewell was convicted for first-degree robbery and kidnapping and received consecutive sentences of 15 and 20 years. The convictions were affirmed by the Kentucky Supreme Court on appeal. *Hopewell v. Commonwealth,* Ky., 641 S.W.2d 744 (1982). Hopewell also alleged in his RCr 11.42 motion that the trial court erred by failing to give an instruction on facilitation and complicity, and that his counsel was ineffective for failing to request such instructions and to move for a directed verdict.

The evidence presented at trial was that Hopewell and a codefendant were in Hopewell's car, and they stopped at an Amoco service station. The codefendant took a gun belonging to Hopewell, robbed the attendant, forced him into the car, tied him, and instructed Hopewell to drive away. Hopewell alleged that he was an unknowing participant in the robbery. Despite Hopewell's contention, the evidence was such that a jury could believe that he was a knowing participant, and he was certainly not entitled to a directed verdict. The standard for appellate review is that if, under the evidence as a whole, it would not be clearly unreasonable for a jury to find the defendant guilty, then he is not entitled to a directed verdict of acquittal. *Commonwealth v. Sawhill,* Ky., 660 S.W.2d 3 (1983). The record also indicates that the jury was instructed on the crime of facilitation and, on the basis of the record as a whole, we must agree with the trial court, both as to result and to the refusal to conduct a hearing or to appoint counsel for anything other than this appeal.

The standard for reviewing an allegation of ineffective assistance involves two things. First, there must be a finding of an error in performance by the counsel, and secondly, there must be a finding that prejudice resulted from that error which had an adverse effect on the judgment. *Strickland v. Washington,* 466 U.S. ——, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Even if we concede that trial counsel should have requested a directed verdict or the instructions, we find no prejudice, because Hopewell was not entitled to a directed verdict, and the appropriate instructions were given.

The record speaks for itself, and no evidentiary hearing was necessary. The order of the Boone Circuit Court denying Hopewell's RCr 11.42 motion is affirmed.

All concur.