**Edwin Morris ADKINS, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Aug. 8, 1986.

Discretionary Review Denied by Supreme Court Jan. 13, 1987.

Rebecca Westerfield, Appellate Public Advocate, Louisville, for appellant.

David L. Armstrong, Atty. Gen., Mary-James Young, Asst. Atty. Gen., Frankfort, for appellee.

Before COMBS, DYCHE and MILLER, JJ.

COMBS, Judge.

This is an appeal from a judgment of the Jefferson Circuit Court, overruling appellant's RCr 11.42 motion for post-conviction relief.

The sole issue on appeal is whether trial counsel rendered appellant such constitutionally ineffective assistance at trial so as to require this Court to vacate his convic-tion. Specifically, appellant alleges trial counsel rendered ineffective assistance during the PFO stage of the trial by failing to determine whether appellant entered guilty pleas to prior convictions knowingly and voluntarily.

In *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the United States Supreme Court set forth the standard for testing a criminal defendant's claim that he received ineffective assistance of counsel at trial. In order to show constitutionally ineffective assistance of counsel at trial, the accused must establish that (1) counsel's performance was professionally deficient and (2) counsel's deficient performance prejudiced the defense. In other words, the accused must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[1] *See also Hopewell v. Commonwealth,* Ky.App., 687 S.W.2d 153 (1985).

We have carefully examined the record, and we are satisfied that trial counsel's alleged error in no way prejudiced the defense. Appellant's prior guilty pleas were valid on their face, and even appellant does not suggest that they were constitutionally defective. Appellant's trial counsel testified that although he had no specific memory of appellant's case, he habitually reviewed the files of a client's prior convictions to determine whether the guilty pleas in those cases were knowingly, intelligently and voluntarily entered at the time. At the hearing on appellant's motion, the lower court commented on his "long and involved history with the criminal justice system" and observed that appellant entered a plea of guilty while being "represented by a member of the bar who is very conversant with the Constitutional rights afforded an accused." After carefully considering all the evidence, the lower court concluded that appellant received constitutionally effective assistance of counsel at trial. We detect no error in that ruling.

---

1. The court went on to define a "reasonable probability" as "a probability sufficient to un-dermine confidence in the outcome." 466 U.S. at 694, 104 S.Ct. at 2068, 80 L.Ed.2d at 698.

The judgment of the Jefferson Circuit Court is affirmed.

All concur.