878 F.2d 381
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Edwin Morris ADKINS, Petitioner-Appellant,
v.
William SEABOLD, Respondent-Appellee.
 Nos. 88-6356 to 88-6359.
 United States Court of Appeals, Sixth Circuit.
 June 23, 1989.
 
 1
 Before KEITH and WELLFORD, Circuit Judges, and HORACE GILMORE, District Judge.*
 
 ORDER
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Edwin Morris Adkins appeals the dismissal of the four petitions for writ of habeas corpus filed under 28 U.S.C. Sec. 2254. Adkins alleged that each of four prior convictions underlying a subsequent recidivist conviction is based upon an involuntary plea of guilty. The district court dismissed the petitions as abusive of the writ pursuant to Rule 9(b), Rules Governing Section 2254 Cases. Upon consideration, we conclude that the district court was within its discretion in dismissing the petitions.
 
 
 4
 First, we note that no exhaustion problem exists. The Kentucky Court of Appeals has addressed the substance of petitioner's current claim that his prior convictions are based upon invalid guilty pleas. Adkins v. Commonwealth, 721 S.W.2d 719, 720 (Ky.App.1986). Also, respondent concedes the petitioner has exhausted his available state remedies. Under these circumstances, federal habeas corpus review is available. See Stamps v. Rees, 834 F.2d 1269, 1273-74 (6th Cir.1987), cert. denied, 108 S.Ct. 1279 (1988).
 
 
 5
 However, we conclude that the dismissal of the petitions as an abuse of the writ was proper. Generally, dismissals pursuant to Rule 9(b) will be reviewed only for abuse of discretion. See Lonberger v. Marshall, 808 F.2d 1169, 1173 (6th Cir.), cert. denied, 481 U.S. 1055 (1987). Petitioner's contention is substantially the same claim as he asserted in a previous habeas petition in which he attacked his recidivist conviction. The district court dismissed that petition and this court affirmed the judgment on appeal. Adkins v. Scroggy, Case No. 87-5765 (6th Cir. Dec. 29, 1987). Insofar as petitioner's claim can be construed to allege new grounds for relief, petitioner offers no reason for his failure to assert the claim in his prior petition. Insofar as petitioner's claim is successive, petitioner has not advanced "a colorable showing of factual innocence." See Kuhlmann v. Wilson, 477 U.S. 436, 454 (1986). Under these circumstances, we conclude the district court properly dismissed the petitions.
 
 
 6
 Therefore, the judgments of the district court are affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Horace Gilmore, U.S. District Judge for the Eastern District of Michigan, sitting by designation