Leon HENSLEY, Appellant,

v.

COMMONWEALTH of Kentucky,
Appellee.

No. 2008–CA–000831–MR.

Court of Appeals of Kentucky.

Feb. 19, 2010.

Leon Hensley, pro se.

Sandy Hook, KY, for appellant.

Jack Conway, Attorney General of Kentucky, Matthew R. Krygiel, Assistant Attorney General, Frankfort, KY, for appellee.

Before MOORE and NICKELL, Judges; HARRIS,[1] Senior Judge.

### OPINION

NICKELL, Judge.

Leon Hensley, *pro se*, appeals from an order of the Adair Circuit Court entered on March 13, 2008, denying his motion to vacate, set aside or correct his sentence pursuant to RCr[2] 11.42. The court's or-

der specified Hensley's claims of ineffective assistance of counsel and the alleged involuntariness of his guilty plea were refuted by the record and, therefore, no evidentiary hearing was necessary. On appeal, Hensley urges us to remand the matter to the trial court for an evidentiary hearing. Upon review of the record, the briefs and the law, we affirm.

Hensley was charged with sixty-one sexual offenses.[3] The Commonwealth offered to dismiss one-half of the sodomy, sexual abuse and incest charges and recommend a twenty-year sentence on the remaining charges with parole eligibility after service of eight and one-half years. Hensley accepted the Commonwealth's offer and filed a motion to enter guilty plea consistent with *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

The trial court questioned Hensley orally about his desire to enter a guilty plea. Hensley confirmed during the plea colloquy, among other things, that he understood what he was doing; he had had all the time needed to speak with his attorney and discuss potential defenses; he was satisfied with the legal services provided by his attorney and had no complaints about her performance; he had no questions about the documents he had signed because his attorney had explained them to him; he understood the charges lodged against him as well as the Commonwealth's burden and the evidence needed to convict him; he understood the rights he was waiving by entering a guilty plea and understood he could still go forward with trial if he so desired; and he was

---

1. Senior Judge William R. Harris sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and Kentucky Revised Statutes (KRS) 21.580.

2. Kentucky Rules of Criminal Procedure.

3. The indictment alleged twenty-four counts of both sodomy in the first degree (KRS 510.070) and sexual abuse in the first degree (KRS 510.110), twelve counts of incest (KRS 530.020), and a single count of criminal attempt to commit rape in the first degree (KRS 506.010 and 510.040).

pleading guilty because he was guilty and he made no claim of innocence.

After exploring the matter with Hensley, the court questioned defense counsel, who said she had been "extremely careful" in this case and Hensley's guilty plea was consistent with the advice she had given to him. She also confirmed there were no questions about any matter and no additional time was needed to discuss the situation with her client. Thereafter, Hensley's guilty plea was accepted and entered by the trial court, and he was sentenced in conformity with the Commonwealth's recommendation.

On January 9, 2008, Hensley filed a motion to vacate his sentence pursuant to RCr 11.42 with supporting memoranda. He also requested appointment of counsel and an evidentiary hearing. Hensley alleged counsel was ineffective because she did not fully inform him of the facts and elements of the crimes, she did not investigate the case or interview any witnesses, and she did not arrange for a defense expert at the competency hearing held March 24, 2005. Additionally, he claimed the trial court failed to establish a factual basis for the guilty plea prior to accepting it. The Commonwealth filed a written response stating Hensley's motion did not comply with RCr 11.42 because it contained only conclusory allegations without factual support and the claims were refuted by the record. The trial court denied the motion to vacate without conducting an evidentiary hearing. This appeal followed.

■ Hensley's goal on appeal is to have us remand the matter to the trial court for an evidentiary hearing. Our review of the denial of an RCr 11.42 is limited to whether the allegations contained in the motion, if true, would invalidate his conviction and whether the grounds were conclusively re-

futed by the record. *Lewis v. Commonwealth*, 411 S.W.2d 321, 322 (Ky.1967). If the record refutes the allegations, no hearing is required. *Hopewell v. Commonwealth*, 687 S.W.2d 153, 154 (Ky.App.1985).

RCr 11.42(2) requires that the motion "state specifically the grounds on which the sentence is being challenged and the facts on which the movant relies in support of such grounds. Failure to comply with this section shall warrant a summary dismissal of the motion." *See Foley v. Commonwealth*, 17 S.W.3d 878, 889 (Ky.2000). Hensley has offered no factual support for his claims. Therefore, summary dismissal was warranted under the rule.[4]

We will comment briefly on Hensley's allegations on appeal. First, he claims his attorney gave him bad advice during the plea negotiations. This allegation is advanced for the first time on appeal. We are a court of review. Because Hensley did not raise this issue in the RCr 11.42 motion, we will not review the claim on appeal. *Kennedy v. Commonwealth*, 544 S.W.2d 219, 222 (Ky.1976) (defendant not allowed to "feed one can of worms to the trial judge and another to the appellate court.").

■ Second, Hensley claims his attorney failed to properly advise him concerning the law and the facts of his case. Such a claim is inconsistent with the motion to enter guilty plea bearing his signature as well as the verbal responses he gave to the court during the guilty plea colloquy. During his colloquy, Hensley specified that he had no complaints about his attorney's performance and stated that he had no questions because his attorney had answered all his questions.

To prevail on a claim of ineffective assistance of counsel, Hensley must demon-

---

4. We reject Hensley's assertion that the Commonwealth convinced the trial court to apply

an erroneous standard in denying the requested relief.

strate two things—that counsel's errors were so serious her performance did not constitute professionally competent assistance; and without counsel's deficient performance, he probably would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985); *cf., Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *McMann v. Richardson*, 397 U.S. 759, 90 S.Ct. 1441, 1449, 25 L.Ed.2d 763 (1970); *Gall v. Commonwealth*, 702 S.W.2d 37 (Ky.1985), *cert. denied* 478 U.S. 1010, 106 S.Ct. 3311, 92 L.Ed.2d 724 (1986). Hensley has presented no facts from which a court could deem counsel's performance to be deficient. He has made only blanket allegations without specifying any action that counsel failed to take or explaining how it would have changed the outcome. Furthermore, he has not alleged he would have gone forward with trial had his attorney given him better advice. Based upon the record, and the lack of any factual support for Hensley's claims, the trial court did not abuse its discretion in denying the motion for RCr 11.42 relief.

■ Third, Hensley alleges his attorney inadequately investigated his case. Again, this claim contradicts his statements to the trial court, both verbally and in writing, when he said he believed his attorney was fully informed about his case and he had no complaints about her performance. In the RCr 11.42 motion, Hensley claimed that had his lawyer interviewed witnesses (unnamed), she would have learned the Commonwealth's case was based on "allegations by teenage, female victims with no scintilia (sic) of evidence; and discovered that one victim (the seventeen (17) yearold (sic) at time of trial), had in fact accused others of similar allegations, only later to recant her story." That a witness has recanted prior testimony is relevant to judging credibility, but it would not result in an automatic dismissal of charges or an acquittal. Furthermore, the Common-

wealth dismissed one-half of the charges. From the appellate record, we cannot determine whether the dismissed charges pertained to the victim who had allegedly recanted testimony regarding a different defendant. Again, Hensley has not demonstrated that more investigation by his attorney would have changed the result. Thus, relief was properly denied by the trial court.

■ Fourth, Hensley claims his attorney failed to obtain a defense expert and adequately prepare for his competency hearing. KRS 504.100(1) authorizes a trial court, with reasonable grounds to believe a defendant is incompetent to stand trial, to appoint a psychiatrist or psychologist to examine, treat and report on the accused's mental condition. *See also* RCr 8.06. Defense counsel moved for Hensley to be evaluated for mental health issues as well as competency. As a result, the court ordered Hensley to be evaluated.

Dr. Timothy S. Allen with the Kentucky Correctional Psychiatric Center was the sole witness at the competency hearing convened by the trial court. According to his written report, in relevant part, "Hensley was a man of average intelligence with no indications of organic brain impairment, memory problems, thought disorder, or psychotic thinking. The *M–FAST* suggested he was exaggerating his psychiatric symptomatology." Dr. Allen concluded Hensley was capable of appreciating the nature and consequences of the legal proceeding against him and could participate rationally in his defense.

■ Dr. Allen's evaluation resulted from a court order. He was beholden to neither the Commonwealth nor the defense. As explained in *Bishop v. Caudill*, 118 S.W.3d 159, 163 (Ky.2003):

A competency examiner is working for the court, not necessarily the defense or

the Commonwealth. *Binion v. Commonwealth,* Ky., 891 S.W.2d 383 (1995). Thereafter, [KRS 504.100] requires an evidentiary hearing at which all parties—the court, the defendant, and the prosecution—are entitled to examine the evaluator and the basis of the report. *Gabbard v. Commonwealth,* Ky., 887 S.W.2d 547 (1994). However, nothing in the language of the statute or criminal rules authorizes an independent evaluation by the Commonwealth.

Since the Commonwealth is not authorized to seek an independent competency evaluation, it stands to reason the defense must operate under the same limitation. Furthermore, Hensley has not demonstrated errors in Dr. Allen's conclusions, nor has he shown a second evaluation would have provided a basis for a finding of incompetency.

Following a thorough review of the record, we have determined that all of Hensley's claims are refuted by the record and therefore no evidentiary hearing was required. Further, due to Hensley's failure to provide any factual support for his assertions, summary dismissal of the motion to vacate was appropriate.

For the foregoing reasons, the order of the Adair Circuit Court denying RCr 11.42 relief without an evidentiary hearing is affirmed.

ALL CONCUR.