RENDERED:  JANUARY 13, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-1748-MR

MARTIN HERNANDEZ-VAZQUEZ                                      APPELLANT

APPEAL FROM WARREN CIRCUIT COURT
v.           HONORABLE JOHN R. GRISE, JUDGE
ACTION NO. 14-CR-00098

COMMONWEALTH OF KENTUCKY                                      APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  COMBS, LAMBERT, AND TAYLOR, JUDGES.

COMBS, JUDGE:  Appellant, Martin Hernandez-Vazquez (Hernandez-Vazquez),

*pro se*, appeals from an order of the Warren Circuit Court denying his RCr[1] 11.42

motion following an evidentiary hearing.  After our review, we affirm.

On February 12, 2014, a Warren County Grand Jury indicted

Hernandez-Vazquez and charged him with one count of rape, first degree (child

---

[1] Kentucky Rules of Criminal Procedure.

less than 12 years of age); one count of sodomy, first degree (child less than 12 years of age); one count of unlawful transaction with a minor, first degree; and one count of unlawful use of electronic means originating or received within the Commonwealth to induce a minor to engage in sexual or other prohibited activities.

On May 15, 2014, Hernandez-Vazquez appeared at a hearing before the Warren Circuit Court on a guilty plea pursuant to *Alford*,[2] but as the colloquy progressed, he changed his mind and withdrew his plea.

Ultimately, on September 5, 2014, before Judge Wilson, Hernandez-Vazquez entered an *Alford* plea to the rape and sodomy charges. The prosecutor agreed to dismiss the other charges and to recommend a sentence of imprisonment of 25 years with mandatory participation in the sexual offender treatment program -- to be followed by conditional discharge for five years after his release. If Hernandez-Vazquez had gone to trial and been found guilty, he could have received a life sentence.

On November 5, 2014, the circuit court sentenced Hernandez-Vazquez in accordance with the plea agreement.

On September 18, 2017, Hernandez-Vazquez, *pro se*, filed a motion to vacate, set aside, or amend final judgment pursuant to RCr 11.42 alleging that his

---

[2] *North Carolina v. Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

trial counsel was ineffective.  The circuit court subsequently appointed counsel, who supplemented the motion.

On April 17, 2019, the circuit court conducted an evidentiary hearing. Trial counsel, Kristy Vick-Stratton, testified, and so did Hernandez-Vazquez and Nidia Picol, an interpreter.  Following the hearing, the parties submitted briefs.  By order entered on October 21, 2019, the circuit court denied Hernandez-Vazquez's RCr 11.42 motion.

On appeal, Hernandez-Vazquez contends that trial counsel was ineffective when she:  (I) failed to suppress his interview and statements to police; (II) failed to review any discovery with him; conduct any pretrial investigation and properly investigate the case; failed to seek, interview, and take depositions of the Commonwealth's witnesses and witnesses for the defense; failed to inform him of the rights he would waive if he accepted the plea agreement; and failed to advise him of different plea agreements that existed -- such as a conditional plea; and (III) failed to confer with him without undue delay and as often as necessary; failed to prepare or advance a defense; and failed to properly defend him against the Commonwealth's allegations.

> [T]o prevail on a claim of ineffective assistance of counsel, the defendant must satisfy the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *accord*, *Gall v. Commonwealth*, Ky., 702 S.W.2d 37, 39-40 (1985), *cert. denied*, 478 U.S. 1010, 106 S. Ct. 3311, 92 L. Ed. 2d 724

-3-

(1986). In analyzing trial counsel's performance, the court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" *Strickland*, 104 S.Ct. at 2065. In order to show actual prejudice in the context of a guilty plea, a defendant must demonstrate that there is a reasonable probability that, but for counsel's unprofessional errors, he would not have pled guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 106 S. Ct. 366, 369-70, 88 L. Ed. 2d 203 (1985).

*Phon v. Commonwealth*, 51 S.W.3d 456, 459-60 (Ky. App. 2001).

"In reviewing an RCr 11.42 proceeding, the appellate court reviews the trial court's factual findings for clear error while reviewing the application of its legal standards and precedents de novo." *Ford v. Commonwealth*, 628 S.W.3d 147, 156 (Ky. 2021). "The test for a clearly erroneous determination is whether that determination is supported by substantial evidence. This does not mean the finding must include undisputed evidence, but both parties must present adequate evidence to support their position." *Brown v. Commonwealth*, 253 S.W.3d 490, 500 (Ky. 2008) (citations omitted). "When the trial court conducts an evidentiary hearing, the reviewing court must defer to the determinations of fact and witness credibility made by the trial judge." *Sanborn v. Commonwealth*, 975 S.W.2d 905, 909 (Ky. 1998), *overruled on other grounds by Leonard v. Commonwealth*, 279 S.W.3d 151 (Ky. 2009).

As the appealing party, Hernandez-Vazquez "has the burden of showing that the trial court committed an error in reaching its decision." *Brown*, 253 S.W.3d at 500. Instead of demonstrating any error, Hernandez-Vazquez essentially re-argues his case on appeal.

In its order denying the RCr 11.42 motion, the circuit court made detailed findings of fact summarizing the evidence presented at the hearing. We are satisfied from our review of the record, including the recorded proceedings of the plea colloquies and the evidentiary hearing, that the court's factual findings have a substantial evidentiary foundation. Consequently, they are not clearly erroneous. The focus of our review then must be on whether the circuit court correctly applied the law.

With respect to "Argument I," the circuit court concluded that "Ms. Vick-Stratton's decision not to seek suppression of the defendant's statement to police was not deficient performance." Specifically, it recited as follows:

> The recording of the defendant's statement to police at issue does not show such a clear violation of Miranda v. Arizona[3] that it was an unreasonable strategic decision not to seek suppression of the statement. Ms. Vick-Stratton has consistently stated that she reviewed the discovery with the defendant and that she believed, based on his statements to her, that he wanted to avoid trial and plead guilty. Her testimony that filing a suppression motion meant the Commonwealth Attorney rescinded plea offers was not contradicted.

---

[3] 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

The defendant testified during the evidentiary hearing that he barely understands English and does not understand the legal process. During the plea colloquy with this Court he stated that he can read English a little bit. During this plea colloquy, Ms. Vick-Stratton explained that she took the plea agreement to the jail with an interpreter and explained everything through an interpreter. The defendant did not object to this statement. In fact, he stated he understood everything in the documents, and he had no questions about them. During the plea colloquy with Judge Wilson, he stated that he could read and write English. Furthermore, during the police interview, he only twice asked for help. This Court cannot definitely rule on whether his statement to police would have been suppressed, but the defendant has failed to overcome the strong presumption that Ms. Vick-Stratton's decision not to seek suppression of his statement to police was a reasonable decision and exercise of professional judgment.

"It is not the function of this Court to usurp or second guess counsel's trial strategy." *Baze v. Commonwealth*, 23 S.W.3d 619, 624 (Ky. 2000), *overruled on other grounds by Leonard v. Commonwealth*, 279 S.W.3d 151 (Ky. 2009). We find no error.

We address Hernandez-Vazquez's remaining arguments together. The circuit court determined that Hernandez-Vazquez's "argument that he was not fully advised of his rights and defenses is not sufficiently supported by evidence or case law." The court found *Hensley v. Commonwealth*, 305 S.W.3d 434 (Ky. App. 2010), illustrative. In *Hensley*, this Court affirmed the denial of the defendant's RCr 11.42 motion where his claims of ineffectiveness of counsel were inconsistent

with and were directly contradicted by his statements during the guilty plea colloquy; *i.e.*, that he had **no complaints** about his attorney's performance.

Concluding that the present case "is essentially the same" as *Hensley*, the circuit court explained as follows:

> [Hernandez-Vazquez] confirmed during his plea colloquy with Judge Wilson that he was satisfied with Ms. Vick-Stratton's representation and that they had fully discussed the case. [His] testimony that he simply went along with the plea colloquy because that is what he told to do is contradicted by his voluntary spontaneous statement during the plea colloquy, "God bless her," in reference to Ms. Vick-Stratton. Likewise, [Hernandez-Vazquez's] claim that he did not plead guilty knowingly, intelligently, and voluntarily is contradicted by his confirmations that he understood what was going on during the plea colloquy and his explanation of a jury's role in a trial, which Judge Wilson stated was "as good as I've heard."
>
> [Hernandez-Vazquez] also argues that Ms. Vick-Stratton provided ineffective assistance of counsel by misadvising him when he would be deported. He quotes Padilla v. Kentucky to say, "unreasonable and incorrect information concerning the risk of removal can give rise to an ineffectiveness claim." Padilla v. Kentucky, 559 U.S. 356, 388 (2010). This quote is from Justice Alito and Chief Justice Roberts' concurring opinion. The majority opinion's holding was "that counsel must inform her client whether his plea carries a risk of deportation." Id. at 374. There is no dispute that Ms. Vick-Stratton advised [Hernandez-Vazquez] that he would be deported. This argument was not raised in the

defendant's briefs until the evidentiary hearing[4] when he testified that he thought he would be deported a few weeks after signing his guilty plea because that is what Ms. Vick-Stratton told him. During that hearing, when asked by the Commonwealth's Attorney, [Hernandez-Vazquez] repeatedly claimed not to remember what he said or what happened in hearings around the same time of the alleged incorrect advice. [Hernandez-Vazquez's] statements during the plea colloquy with Judge Wilson and his signature on the plea agreement indicate that he understood he risked deportation. He did not ask Judge Wilson to clarify about the time of his deportation during that plea colloquy, but he now claims to have thought he would be deported weeks after that hearing while also claiming that he cannot remember a number of things when [asked] by the Commonwealth Attorney. This complaint is not reasonable or credible.

The claims of failure to investigate, advance any defense, confer without undue delay, review discovery with him, and question witnesses[,] arguments raised solely in the defendant's *pro se* motion[,] are also contradicted during one or both plea colloquies. Therefore, these arguments are not sufficiently supported by evidence.

This appeal is premised upon a credibility determination. The circuit court had the "opportunity to see the witnesses and observe their demeanor on the stand, and recognition must be given to its superior position to judge their credibility and the weight to be given their testimony." We cannot -- and will

---

[4] To clarify, at page 8 of its order, the circuit court explained that "[i]n his post-evidentiary hearing brief, [Hernandez-Vazquez] asserts for the first time that Ms. Vick-Stratton misadvised him of his plea's deportation consequences . . . ."

not -- substitute our judgment for that of the circuit court and preempt its exercise of its proper purview. *McQueen v. Commonwealth*, 721 S.W.2d 694, 698 (Ky. 1986). We find no error.

Therefore, we affirm the order of the Warren Circuit Court denying Hernandez-Vazquez's motion to vacate judgment pursuant to RCr 11.42.

ALL CONCUR.

BRIEF FOR APPELLANT:

Martin Hernandez-Vazquez, *pro se*
La Grange, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Perry T. Ryan
Assistant Attorney General
Frankfort, Kentucky