RENDERED: MAY 26, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0410-MR

KYREK PURDIMAN
APPELLANT

v.
APPEAL FROM DAVIESS CIRCUIT COURT
HONORABLE LISA PAYNE JONES, JUDGE
ACTION NO. 18-CR-00256

COMMONWEALTH OF KENTUCKY
APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: ACREE, KAREM, AND TAYLOR, JUDGES.

TAYLOR, JUDGE: Kyrek Purdiman, *pro se*, brings this appeal from a March 3, 2021, order of the Daviess Circuit Court denying his motion pursuant to Kentucky Rules of Criminal Procedure (RCr) 11.42 to vacate his judgment and sentence of imprisonment. We affirm.

On or about December 30, 2017, Jason Junkerman went out drinking with a group of acquaintances, including Kyrek Purdiman, Jeffery Bond, and

Ronnie Bailey. Around 2:00 a.m., the group left a bar in two vehicles and stopped at a gas station before heading to Bailey's residence. Upon leaving the gas station, Junkerman got into a green Ford Taurus driven by Purdiman; Bond was in the front passenger seat. According to Bailey's security camera footage at Bailey's residence, the Taurus pulled into Bailey's driveway around 2:30 a.m. Shortly thereafter, Bailey came out of his residence and discovered Junkerman lying alone in the driveway in a pool of blood. Bailey called 911. Junkerman was taken to the hospital by ambulance and put into a medically induced coma. Due to the extent of Junkerman's injuries, emergency room staff initially believed Junkerman had suffered a gunshot wound. It was later determined that Junkerman's injuries were caused by a violent assault.

Subsequent investigation revealed that Purdiman and Bond used Junkerman's debit card to purchase fast food shortly after Junkerman was assaulted. Bond also purchased items at a convenience store using Junkerman's bank card. Then, Bond and Purdiman were both seen on security footage selecting other items to purchase at the convenience store. Junkerman's bank card was presented as payment for the second purchase, but the transaction was cancelled due to insufficient funds.

Purdiman was subsequently indicted upon robbery in the first degree, assault in the first degree, tampering with physical evidence, and fraudulent use of

a credit card under $500.[1]  Pursuant to a plea agreement with the Commonwealth, Purdiman entered a plea of guilty to the indicted charges pursuant to *North Carolina v. Alford*, 400 U.S. 25 (1970).  Purdiman was sentenced to a total of twelve-years' imprisonment.

Purdiman subsequently filed a motion to modify his sentence of imprisonment pursuant to Kentucky Rules of Civil Procedure (CR) 60.02.  By order entered November 7, 2019, the circuit court denied Purdiman's CR 60.02 motion.

Then, on September 4, 2020, Purdiman filed a motion to vacate the judgment and sentence of imprisonment pursuant to RCr 11.42.  By order entered March 3, 2021, the circuit court denied Purdiman's RCr 11.42 motion without an evidentiary hearing.  This appeal follows.

When a guilty plea has been entered and movant collaterally attacks the judgment by filing a motion pursuant to RCr 11.42, movant must demonstrate:

> (1) that counsel made errors so serious that counsel's performance fell outside the wide range of professionally competent assistance; and (2) that the deficient performance so seriously affected the outcome of the plea process that, but for the errors of counsel, there is a

---

[1] Jeffery Bond was also indicted upon robbery in the first degree, assault in the first degree, tampering with physical evidence, and fraudulent use of a credit card under $500 in relation to the Kyrek Purdiman incident.  Bond subsequently pleaded guilty to facilitation to commit robbery in the first degree, assault in the second degree, tampering with physical evidence, and fraudulent use of a credit card under $500.

reasonable probability that the defendant would not have pleaded guilty, but would have insisted on going to trial.

*Bronk v. Commonwealth*, 58 S.W.3d 482, 486-87 (Ky. 2001).

As Purdiman's RCr 11.42 motion was denied without an evidentiary hearing, "[o]ur review is confined to whether the motion on its face states grounds that are not conclusively refuted by the record and which, if true, would invalidate the conviction." *See Lewis v. Commonwealth*, 411 S.W.2d 321, 322 (Ky. 1967). However, an evidentiary hearing is not necessary where the defendant's allegations, even if true, would be insufficient to invalidate his conviction. *Harper v. Commonwealth*, 978 S.W.2d 311, 314 (Ky. 1998) (citation omitted).

Purdiman asserts trial counsel was ineffective for failing to inform Purdiman that had he proceeded to trial, he would have been entitled to a jury instruction upon theft by unlawful taking as a lesser included offense of robbery in the first degree. For the following reasons, we disagree.

Robbery in the first degree is codified in KRS 515.020(1), which provides, in relevant part:

> (1) A person is guilty of robbery in the first degree when, in the course of committing theft, he or she uses or threatens the immediate use of physical force upon another person with intent to accomplish the theft and when he or she:
>
> > (a) Causes physical injury to any person who is not a participant in the crime[.]

Theft by unlawful taking (TBUT), on the other hand, is codified in KRS 514.030, and provides, in relevant part:

> (1) Except as otherwise provided in KRS 217.181, a person is guilty of theft by unlawful taking or disposition when he or she unlawfully:
>
> > (a) Takes or exercises control over movable property of another with intent to deprive him or her thereof[.]

It is well-settled that TBUT is a lesser included offense of robbery in the first degree. *Mack v. Commonwealth*, 136 S.W.3d 434, 436 (Ky. 2004). However, the inquiry does not end there. Even if Purdiman had been informed by counsel that TBUT was a lesser included offense of robbery in the first degree, there is not a reasonable probability that Purdiman would not have pleaded guilty, but rather would have insisted upon going to trial. *See Bronk*, 58 S.W.3d at 486-87.[2]

In this case, Purdiman failed to identify any facts that would have made it reasonable for a jury to believe that he unlawfully took Junkerman's debit card (under a TBUT instruction), without resort to the use of physical force upon Junkerman as required by the robbery instruction. The extent of Junkerman's injuries clearly demonstrate that physical force was used upon Junkerman causing

---

[2] "However, an instruction on a lesser included offense is required only if, considering the totality of the evidence, the jury might have a reasonable doubt as to the defendant's guilt of the greater offense, and yet believe beyond a reasonable doubt that the defendant is guilty of the lesser offense." *Caudill v. Commonwealth*, 120 S.W.3d 635, 668 (Ky. 2003).

physical injury. There was no evidence that Junkerman had lost possession of his debit card before the robbery. Furthermore, Purdiman was facing the possibility of a 45-year sentence of imprisonment upon the indicted charges. Purdiman's plea agreement, on the other hand, provided for a total sentence of twelve-years' imprisonment. Therefore, we believe Purdiman failed to demonstrate there is a reasonable probability that if he had known about the possible jury instruction upon the lesser included offense he would not have pleaded guilty, but would have insisted upon going to trial.

Purdiman also contends that trial counsel was ineffective for failing to inform him about the availability of the "defense of self-protection against violence, sexual threats KRS 503.050(2), that would have exonerated him of the Assault 1st Degree charge." Purdiman's Brief at 8.

KRS 503.050 provides, in relevant part:

(2) The use of deadly physical force by a defendant upon another person is justifiable under subsection (1) only when the defendant believes that such force is necessary to protect himself against death, serious physical injury, kidnapping, sexual intercourse compelled by force or threat, felony involving the use of force, or under those circumstances permitted pursuant to KRS 503.055.

KRS 503.050(2). Had Purdiman been aware of the defense of self-protection, he claims he would not have pleaded guilty to assault in the first degree but would have insisted upon going to trial.

-6-

We find no merit in this argument. Even if Purdiman had been successful, upon a theory of self-protection, he still faced a sentence of up to twenty-years' imprisonment upon the first-degree robbery charge and up to five years on the tampering with physical evidence charge. We again must emphasize that Purduman's guilty plea resulted in a total of only twelve-years' imprisonment. Therefore, we do not believe that if Purdiman had known about the possible self-protection defense that he would have insisted upon going to trial, rather than accepting the plea bargain.

Purdiman also makes several other assertions of error on appeal. He claims: that counsel failed to inform him of the affirmative defense of assault under extreme emotional disturbance; counsel failed to retain an expert to evaluate and challenge the evidence regarding the victim's location in the pool of his own blood; and counsel failed to investigate the evidence for first-degree robbery to determine if there was any intent on Purdiman's part to commit a theft. However, these issues were not raised in Purdiman's RCr 11.42 motion below and were not addressed by the circuit court's March 3, 2021, order denying him RCr 11.42 relief.

It is well-established that where an issue was not presented to the court below and was not addressed in the order appealed from, there is nothing for this Court to review. *Hensley v. Commonwealth*, 305 S.W.3d 434, 436 (Ky. App.

2010) (citing *Kennedy v. Commonwealth*, 544 S.W.2d 219, 222 (Ky. 1976), *overruled on other grounds by Wilburn v. Commonwealth*, 312 S.W.3d 321 (Ky. 2010)). In fact, it has been stated that an appellant will not be permitted to "feed one can of worms to the trial judge and another to the appellate court." *Hensley*, 305 S.W.3d at 436. Simply stated, if an allegation of ineffective assistance of counsel is advanced for the first time on appeal, it generally will not be addressed by this Court. *Id.*

In the case *sub judice*, the above three issues were not raised by Purdiman before the circuit court and thus were not addressed by its March 3, 2021, order denying Purdiman's RCr 11.42 motion. As such, we decline to review these contentions of error. *See Hensley*, 305 S.W.3d at 436.

Purdiman also asserts that the circuit court erred by denying his motion for post-conviction relief because of the cumulative effect of trial counsel's errors. However, since we have found no individual error in this case, we likewise cannot find any cumulative error. *Furnish v. Commonwealth*, 267 S.W.3d 656, 668 (Ky. 2007). Thus, this argument also fails.

For the foregoing reasons, the order of the Daviess Circuit Court is affirmed.

ALL CONCUR.

BRIEFS FOR APPELLANT:          BRIEF FOR APPELLEE:

Kyrek Purdiman, *Pro Se*          Daniel Cameron
Burgin, Kentucky               Attorney General of Kentucky
                               Frankfort, Kentucky

                               Robert Baldridge
                               Assistant Attorney General
                               Frankfort, Kentucky