RENDERED:  APRIL 3, 2026; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2025-CA-0239-ME

ERIC TRIGGS                                                                    APPELLANT


APPEAL FROM KENTON FAMILY COURT
v.          HONORABLE THOMAS A. RAUF, JUDGE
ACTION NO. 23-D-00292-001


TANIKA DESIREE COBB; E.R., A
MINOR CHILD; K.R., A MINOR
CHILD; L.W., A MINOR CHILD; S.R.,
A MINOR CHILD; AND T.R., A
MINOR CHILD                                                               APPELLEES


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  ECKERLE, A. JONES, AND TAYLOR, JUDGES.

TAYLOR, JUDGE:  Eric Triggs, *pro se*, appeals the January 22, 2025, Amended

Domestic Violence Order (DVO) of the Kenton Family Court.[1]  We affirm.

---

[1] The minor children, through their appointed guardian *ad litem*, have filed a response brief. Tanika Desiree Cobb (Mother) has not, but we choose not to impose any penalties at our discretion.  *See* Kentucky Rules of Appellate Procedure 31(H); *Roberts v. Bucci*, 218 S.W.3d 395, 396 (Ky. App. 2007).

BACKGROUND

Tanika Desiree Cobb (Mother) filed a petition for protective order for herself and on behalf of her minor children, E.R., K.R., L.W., S.R., and T.R. (the children) in June of 2023. She alleged that Triggs hit her as well as one of their children during separate incidents in May of 2023. The Kenton Family Court appointed a guardian *ad litem* (GAL) for the children and conducted a hearing in July of 2023. The court found that acts of domestic violence had occurred and issued a DVO for a term of three years on July 26, 2023, extending to Mother and the children.

In September of 2023, Triggs filed a motion requesting a new trial; however, the family court denied his motion for being untimely filed. Record at 81. *See* Kentucky Rules of Civil Procedure (CR) 59.02. No appeal was taken. In April of 2024 and November of 2024, Triggs filed two separate motions pursuant to CR 60.02 to set aside the July 26, 2023, DVO for various reasons; the family court denied these motions in May of 2024 and December of 2024, respectively. During the hearing on Triggs' second CR 60.02 motion, Triggs expressed his desire to have parenting time with the children, noting that both he and Mother, separately with the children, had moved to Ohio since the entry of the DVO. While the family court denied Triggs' CR 60.02 motion, the court noted that Triggs' concerns would be more aptly addressed in a civil custody case in Ohio,

and that Triggs could also file a motion to amend the DVO.  Again, no appeals were taken from the CR 60.02 orders.

Triggs subsequently filed a civil custody petition in Ohio and filed another motion with the Kenton Family Court to amend the DVO on January 10, 2025.  The family court conducted a hearing on January 22, 2025, and granted Triggs' motion in part by modifying the DVO's exceptions to state "[Triggs] may contact [Mother] concerning the children utilizing AppClose[2] or text messages to [Mother] and authorized by custody proecceddings [sic] concerning the children from Hamilton [County Court of Domestic Relations in Ohio]."  Record at 111.  The family court made no other additional findings but effectively adopted the previous findings set out in the July 26, 2023, order.  This appeal followed.

<u>STANDARD OF REVIEW</u>

In reviewing decisions of a family court in domestic violence proceedings, the test is not whether this Court would have decided the matter differently, but whether the findings made by the family court were clearly erroneous or that it abused its discretion.  CR 52.01; *Reichle v. Reichle*, 719 S.W.2d 442, 444 (Ky. 1986); *Cherry v. Cherry*, 634 S.W.2d 423, 425 (Ky. 1982).  "Abuse of discretion in relation to the exercise of judicial power implies arbitrary

---

[2] AppClose is an online parenting application that facilitates communication and allows parties to manage visitation time and scheduling, make audio and video calls, and make payments.

action or capricious disposition under the circumstances, at least an unreasonable and unfair decision." *Kuprion v. Fitzgerald,* 888 S.W.2d 679, 684 (Ky. 1994) (quoting *Kentucky Nat'l Park Comm'n v. Russell*, 191 S.W.2d 214, 217 (Ky. 1945)).

## ANALYSIS

On appeal, Triggs challenges the findings made regarding the initial DVO, issued in 2023, which were restated in the amended DVO. He argues those findings in the amended DVO were not supported by the current actions of the parties. Triggs further argues in his brief that Mother repeatedly violated the earlier order by making contact with him. As noted, Triggs never appealed the July 26, 2023, DVO, nor the orders denying his CR 60.02 motions; thus, the only order this Court has the jurisdiction to review is the January 22, 2025, amended DVO. *See* Kentucky Rules of Appellate Procedure 2(A)(2); *City of Devondale v. Stallings*, 795 S.W.2d 954, 957 (Ky. 1990), *superseded on other grounds by rule as stated in Saturday v. Commonwealth*, 727 S.W.3d 330, 332 (Ky. 2024).

The only issue raised in this appeal is the supplemental finding that Mother remained afraid for her continued safety, the same finding the court made in 2023. However, the only issue raised by Triggs in his January 10, 2025, motion in family court was to remove the minor children from the DVO. Record at 107. At the hearing on Triggs' motion conducted by the family court on January 22,

2025, Triggs neither raised nor argued the issues of Mother's fear of her continued safety or why the children should be removed from the DVO protection. He presented no evidence or testimony in support of his motion.

In Kentucky, it is well-established that an issue not presented to the court below, but raised for the first time on appeal, will not support a favorable ruling on appeal. *Norton Healthcare, Inc. v. Deng*, 487 S.W.3d 846, 852 (Ky. 2016). Effectively, in this appeal, there is nothing properly before this Court for review. *Hensley v. Commonwealth*, 305 S.W.3d 434, 436 (Ky. App. 2010).

In the case, *sub judice*, the family court amended the DVO upon Triggs' motion and Triggs made no objections during or after the January 22, 2025, hearing. Additionally, the original DVO was still active at the time of Triggs' motion and required nothing further from the family court to remain in effect. Upon review of the record below, Triggs has failed to demonstrate how the family court abused its discretion in amending the DVO.

For the foregoing reasons, the January 22, 2025, amended DVO entered by the Kenton Family Court is affirmed.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Eric Triggs, *Pro Se*
Cincinnati, Ohio

NO BRIEF FOR APPELLEE TANIKA
DESIREE COBB.


BRIEF FOR MINOR CHILDREN:

Nicholas F. Caprino, Guardian *Ad Litem*
Covington, Kentucky